## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN ASSOCIATION OF** ) | |
| **KIDNEY PATIENTS** ) | |
| **3505 E. Frontage Rd., Ste. 315** ) | |
| **Tampa, Fl. 33607** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **-v-** ) | **Civil Action No._____** |
| ) | |
| **LINDA M. SPRINGER** ) | |
| **in her official capacity as** ) | |
| **Director of the United States Office** ) | |
| **of Personnel Management** ) | |
| **1900 E Street, N.W.** ) | |
| **Washington, D.C. 20415-0001,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the American Association of Kidney Patients ("AAKP") by and through

undersigned counsel, respectfully presents this action to declare unlawful and enjoin certain

actions of defendant Linda M. Springer ("Springer"), in her official capacity as Director of the

United States Office of Personnel Management ("OPM") and others acting under her authority

(hereinafter "defendant" shall be deemed to include persons acting under her authority) with

regard to the interpretation of regulations related to the Combined Federal Campaign ("CFC") as

it applies to plaintiff.  Specifically, as set forth in the averments below, defendant acted without

authority and arbitrarily to deny the application of plaintiff, for inclusion as an eligible

organization in the 2006 CFC.  The actions by defendant violate 5 C.F.R. Part 950, the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706, and the First Amendment.

## Jurisdiction and Venue

1.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (writ of mandamus), and 5 U.S.C. §§ 701-706 (APA).

2.     The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. § 2201 (declaratory relief) and 28 U.S.C. § 2202 (injunctive relief).

3.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

## Parties

4.     The plaintiff, the American Association of Kidney Patients ("AAKP") is a non-profit Florida corporation which maintains its principal office at the address listed in the caption. AAKP has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code § 501(c)(3).

5.     The AAKP exists to serve the needs, interests and welfare of all kidney patients and their families.  Its mission is to improve the lives of fellow kidney patients and their families by helping them to deal with the physical, emotional and social impact of kidney disease.  To accomplish these goals, AAKP engages in a variety of educational and supportive programs.

6.     Health and Medical Research Charities of America (hereafter referred to as "HMR") is a tax-exempt, federated group which represents charitable organizations that work to improve health, assist care givers and find cures.  HMR organizes and prepares its member charities for effective participation in at-work employee charitable fund drives and other types of

fund raising activities.  HMR engages in fund drive application assistance, reviews and certifies
charitable agency eligibility documentation, disseminates information about its member charities
to the workplace-giving public, organizes member participation in fund drive promotional
educational events, represents its members before fund drive organizing or regulatory
authorities, and transmits contributions and contributors' names and addresses to recipient
charities.  HMR is an Office of Personnel Management approved national federation eligible to
participate in the 2006 CFC on behalf of its member organizations.

7.       AAKP is a member in good standing of HMR and authorized HMR to represent it
before OPM in connection with the 2006 CFC.  National federations such as HMR, eligible to
participate in the CFC, submit annually to OPM lists of member organizations eligible to
participate in the CFC.  Individual members of national federations do not submit applications to
participate in a particular CFC unless requested to do so by OPM.

8.       Defendant is the director of the OPM, an agency of the executive branch of the
government of the United States.  OPM is charged with, *inter alia*, interpreting  regulations (5
C.F.R. Part 950) governing the solicitation of federal civilian employees, postal employees, and
uniformed service personnel for contributions (*via* voluntary payroll deductions and otherwise)
to charitable organizations.  This procedure is referred to as the "Combined Federal Campaign"
("CFC").

9.       These regulations govern, *inter alia,* criteria to be met by charitable organizations
which seek to be included in the "National List" of organizations eligible to participate in the
CFC.  Organizations must apply (or reapply, as the case may be) each year for inclusion in the
CFC on a form developed by OPM.  To be included in the CFC, an applicant (in general) must

establish that it is a human health and welfare organization which carries out its program activities in 15 or more different states or one foreign country over the three year period immediately preceding the beginning of the CFC campaign year. *See* 5 C.F.R. § 950.202, set forth below.

10.    OPM promulgated at 5 C.F.R. Part 950 regulations governing, *inter alia*, national list eligibility requirements which pertain to the applications of charitable organizations for inclusion in the CFC. The specific provisions of said regulations at issue are the following:

**§ 950.202 National list eligibility requirements.**

All organizations seeking national list eligibility must:

> (a) Certify that it [sic] provides or conducts real services, benefits, assistance, or program activities, in 15 or more different states or a foreign country over the 3 year period immediately preceding the start of the year involved. The requirement cannot be met on the sole basis of services provided through an "800" telephone number or by sending materials via the U.S. Postal Service or a combination thereof. A schedule listing those states (minimum 15) or the foreign countries (minimum 1) where the program activities have been provided and a detailed description of the activities in each state or foreign country must be included with the application. While it is not expected that an organization maintain an office in each state or foreign country, a clear showing must be made of the actual services, benefits, assistance or activities provided in each state or foreign country.

## Chronology and Summary of Events

11.    On or about January 27, 2006, HMR submitted its list of eligible member organizations certified for participation in the 2006 CFC. AAKP was included among the eligible member organizations.

12.    On or about February 8, 2006, Defendant requested from HMR a copy of AAKP's application to participate in the 2006 CFC. On or about February 10, 2006, HMR

4

submitted to defendant AAKP's 2006 CFC application.  In its application, AAKP described in detail activities undertaken in more than 15 states, summarized below.  *See* Exhibit "A," attached hereto, and included as "Attachment A" to AAKP's 2006 CFC Application.

13.     In Attachment A to its application, AAKP summarized its services, benefits, assistance, and program activities provided or conducted in nineteen (19) states, in part, as follows: holding free educational sessions for those who have or are approaching kidney disease, financial support through educational grants to fund kidney care related programs, dissemination of educational materials, brochures, and programs, attendance and dissemination of materials at the National Renal Administrators Association Annual Meeting, attendance and dissemination of educational materials at the American Association of Diabetes Educator's Annual meeting.

14.     On April 26, 2006, defendant, acting through Mara T. Patermaster, Director, Office of CFC Operations, denied AAKP's application because AAKP allegedly "did not include sufficient information to support a claim that it provided or conducted real services, benefits, assistance, or program activities in 15 or more states over the tree-year period immediately preceding January 2006."  *See* Exhibit "B" attached hereto.  Furthermore, OPM claimed that AAKP's Attachment A "contained repetitive text to describe services of the applicant in each state which is not permitted per CFC Memo 2004-10."  The letter from Patermaster afforded AAKP an opportunity to file an appeal with Dan G. Blair, Deputy Director of OPM ("Blair").

15.     By letter dated May 3, 2006, Cindy Schneible, President of HMR appealed the initial denial of AAKP's application to participate in the 2006 CFC.  *See* Exhibit "C" attached hereto.  Schneible asserted that OPM conducted an incomplete review of the documentation, that it inaccurately read Memo 2004-10, that OPM's denial of AAKP was based on an inconsistent

and arbitrary review of the federation's submitted documentation, and that OPM had approved

an application containing descriptions of services substantially similar to AAKP's.

16.     By letter dated July 17, 2006 (Exhibit "D" hereto), defendant, through OPM

Deputy Director Blair, sustained the decision to deny AAKP's application.  Blair stated in

pertinent part:

> *I am sustaining the decision to deny the application[] of the American*
> *Association of Kidney Patients.... The American Association of Kidney Patients is*
> *denied because the applicant has claimed services in states for which it had only*
> *provided educational materials about the organization's work.  Mere*
> *dissemination of information and publications is not considered a real service*
> *and does not meet the national eligibility criteria.  Services claimed for this*
> *applicant in the states of Alabama, Colorado, District of Columbia, Indiana, and*
> *Utah are therefore not considered sufficient to satisfy the national eligibility*
> *criteria.*

17.     OPM's final determination listed services in five states (Alabama, Colorado, the

District of Columbia, Indiana and Utah) as not meeting eligibility criteria.  However there were

an additional fifteen (15) states (New York, Louisiana, California, Mississippi, New Jersey,

Florida, Maryland, Texas, Illinois, Arizona, Georgia, Maryland, Missouri, Pennsylvania, and

Tennessee) listed in the appeal where eligible services were provided, hence AAKP met the 15

state requirement.  Moreover, in Alabama, Colorado, the District of Columbia, Indiana and Utah,

the services described by AAKP were "presented and distributed" – not the "mere dissemination

of information."  AAKP's activities included onsite public education.

18.     OPM's denial of AAKP's form of distribution of materials is inconsistent with

other approvals by OPM.  AAKP's program details in Attachment A are substantially similar to

those described in the application of another applicant, Self Help for Hard of Hearing People

("SHHH").  *See* Exhibit "E" hereto.  SHHH's Attachment A includes a single service and

repetitive statement descriptions of presentations made by a doctor.  This description of services is substantially similar to AAKP's attachment A, yet OPM approved SHHH's application for the 2006 CFC.

19.    On or about July 31, 2006, OPM will have completed the 2006 National/International List of Participating Agencies to be posted on the OPM web site. Sometime shortly after July 31, 2006, OPM will distribute to local combined federal campaigns the National List of charitable organizations included in the 2006 CFC.  *See* CFC schedule attached hereto as Exhibit "F."  Upon information and belief, after July 31, 2006, the local combined federal campaigns will commence printing brochures for distribution to federal employees.  These brochures contain both National List charities and local charities.

20.    Despite receiving AAKP's appeal on or about May 3, 2006, OPM did not respond until July 17, 2006, which letter was received on July 24, 2006, just days before the National List is finalized.  This gave AAKP only a short period to retain counsel and prepare pleadings, resulting in significant hardship to AAKP.

21.    If AAKP is not included on the National List, it will suffer irreparable injury, including, but not limited to, being deprived of contributions which it otherwise would have received, as well as being deprived of the opportunity to recruit volunteers to support its programs.

## Cause of Action

**(Judicial Review of Agency Action Pursuant to 5 U.S.C. § 701, *et seq*.)**

22.    Defendant has acted without authority and in an arbitrary and capricious manner and in violation of AAKP 's First Amendment rights, in interpreting the regulations and applying

7

them to AAKP, in the following respects:

A.    Section 950.202 (a) requires the applicant to submit a schedule of a minimum of 15 states or one foreign country where the applicant conducts "real services, benefits, assistance or  program activities."  The applicant is required to demonstrate that it provides "actual services, benefits, assistance or activities" in these states or in one or more foreign countries.  An applicant is not required to maintain an office in each state or foreign country where it conducts its activities.  Neither "real services, benefits, assistance or program activities" nor "actual services, benefits, assistance or activities" is defined in the regulations and such terms are vague and lack the necessary specificity in violation of the First Amendment.

B.    In spite of the constitutional infirmity of § 950.202(a), AAKP complied with the requirements of this regulation.  AAKP set forth in Attachment A to its application the actual services, benefits, assistance, and activities it carried out in nineteen (19) states during the three year period preceding the submission of its application.  (*See* ¶ 13 above.)  AAKP exists to serve the needs, interests and welfare of all kidney patients and their families.  Improving the lives of kidney patients and their families is the primary mission of AAKP.  Attachment A clearly identified those states where AAKP provided or conducted actual services, benefits, assistance, and activities and the years when such services or benefits were provided.  These disclosures constitute "a clear showing" and "detailed description" of the "actual services, benefits, assistance or activities provided."

C.    In its 2006 CFC application submitted to defendant, AAKP attached information with regard to its activities which were substantially similar to the activities detailed by another charity which was accepted on the CFC by OPM.  OPM approved SHHH's 2006

CFC application, yet arbitrarily denied AAKP's 2006 CFC application which included substantially similar descriptions of services.

23.     Defendant's denial of AAKP's application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 *et seq*. and violated AAKP's First Amendment rights.

24.     Defendant's interpretation of the regulations was similarly arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 *et seq*. and violated AAKP's First Amendment rights.

**Request for Relief**

25.     Wherefore, premises considered, plaintiff respectfully requests the following relief:

A.     A temporary restraining order preventing defendant from excluding AAKP from the 2006 CFC pending a hearing on the merits by this court;

B.     A preliminary injunction, in the nature of mandamus, requiring defendant to include AAKP in the 2006 CFC;

C.     A permanent injunction, in the nature of mandamus, requiring defendant to include AAKP in the 2006 CFC;

D.     A declaratory judgment that defendant erred  in denying AAKP's application for inclusion in the 2006 CFC and that defendant acted arbitrarily and capriciously in violation of the APA;

E.      Such other and further relief and remedies as may be proper and serve the interests of justice; and

F.    An award in such monetary amount as may reimburse plaintiffs for the legal fees and costs incurred by plaintiff as a result of defendant's actions and omissions, as set forth herein.

Respectfully submitted,

American Association of Kidney Patients
By Counsel

_/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Plaintiff*

Noland MacKenzie Canter, III (D.C. Bar #93616)
Mark J. Diskin (D.C. Bar #334086)
Copilevitz & Canter, LLC
1900 L Street, N.W., Suite 215
Washington, D.C. 20036

*Counsel for Plaintiff*

## **<u>VERIFICATION</u>**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

July ___, 2006.


By:    _/s/_____

    Title: